JAS. H. LESTER, in Error, *v.* WILLIS WORLEY, Executor, etc.

EVIDENCE. *Declaration of a party offered in evidence by himself. Rejected. When.* Bringle was indebted to Worley, and the claims were in defendant's hands for collection, and he proposed to prove by Bringle that when Bringle first offered to pay him the claims in Confederate money, he told him he was not authorized by Worley to receive it, but that he would see Worley in a short time and get instructions from him, and that subsequently he saw Bringle and informed him that he had seen Worley and was authorized to receive the money. At the same time Bringle paid him in that currency a part of the debt.

*Held,* The testimony offered was incompetent.

---

FROM GILES.

---

Appeal from the Circuit Court. A. M. HUGHES, Judge.

T. M. JONES & SON for Lester.

BROWN & McCOLLUM for Worley.

DEADERICK, J., delivered the opinion of the Court.

Verdict and judgment were rendered in favor of defendant in error against the plaintiff in error, at the April Term of the Circuit Court of Giles County, for $799.20. The Court refused to grant a new trial, and Lester has appealed in error to this Court.

It is insisted for plaintiff in error that the Court

improperly rejected evidence of the declarations of defendant below, made to Bringle.

Bringle was indebted to Worley by judgments, and the claims were in defendant's hands for collection, and he proposed to prove by Bringle that when Bringle first offered to pay him the claims in Confederate money, he told him that he was not authorized by Worley to receive it, but that he would see Worley in a short time and get instructions from him. And that subsequently he saw Bringle and informed him that he had seen Worley and was authorized to receive the Confederate money. At the same time Bringle paid him in that currency a part of the debt. This testimony, being objected to by plaintiff, we are of opinion it was properly rejected. But even if it had been upon any principle admissible, the defendant, who was afterwards examined as a witness, was allowed, without objection, to state all his conversations with Bringle, which he had proposed to prove by him.

There are other exceptions taken to the rulings and charge of the Court, which we do not deem it necessary to notice particularly, as we are of opinion that there are no errors from which we feel called upon to reverse. The conflict in the testimony was left to the jury, and we think their verdict is sufficiently supported by the evidence, and that the merits of the case have been attained, and that the judgment should be affirmed.